García et al., Respondents, v. Savino et al., Appellants.

Appeal from the District Court of San Juan, Section 1.

No. 895.—Decided March 12, 1913.

Personal Property—Possession—Prescription—Ownership.—In accordance with the provisions of section 466 of the Revised Civil Code, possession of personal property acquired in good faith is equivalent to title thereto, but not to ownership thereof in case the vendor was not the real owner. In order to acquire ownership in such a case continued possession for a period of three years is necessary.

Id.—Possession—Prescription—Ownership—Pawn—Agent.—An agent who receives jewels to be sold by him at a fixed price has no authority to pawn them for a loan, and if he should do so the possession so acquired by the creditor, even where he acts in good faith, does not confer upon him the ownership of the goods, but the owner may recover them within three years.

The facts are stated in the opinion.

*Mr. José Martínez Dávila* for appellant Miguel Savino.

*Mr. Martín Travieso, Jr.,* for respondents.

Mr. Justice del Toro delivered the opinion of the court.

Adolfo García and his wife filed a complaint against Miguel Savino and Gabriel Suro to recover the possession of certain diamond and emerald earrings and a certain amount of money for damages, alleging, in brief, that the plaintiff, Rosario Suárez de García, is the owner of a fine pair of earrings, each composed of eight diamonds and an emerald, approximately valued at $1,500; that on May 5, 1911, the defendant, Suro, under the false and fraudulent pretense that he had succeeded in selling the said earrings to the defendant, Miguel Savino, for $1,300, obtained possession of said earrings for the purpose of selling them to Savino; that the earrings having been delivered to him in that manner and for that purpose Suro pledged them to Savino as security for the repayment of $430; that on receiving the earrings from Suro, Savino knew that they belonged to the plaintiffs and not to Suro; that the plaintiffs have suffered damages to the extent of $500.

The defendant Savino demurred to the complaint on the grounds that it was ambiguous and doubtful and that it did not allege facts sufficient to constitute a cause of action. Later he answered the complaint, alleging, in brief, that the plaintiff, Rosario Suárez, is not the present owner of the jewelry referred to in the complaint; that according to the defendant's information and belief the truth of the matter is that in the month of January, 1911, the plaintiffs delivered to the defendant Suro the pair of earrings which is the subject of this suit so that he might sell them; that the possession of the jewelry having been thus obtained by the defendant Suro, he continued in such possession of them for four months, or until May, 1911, when he borrowed from the defendant Savino the sum of $430, giving him the earrings as security, and the defendant Savino did not know whether or not Suro delivered to the plaintiffs the amount of the loan, or that Suro had obtained the earrings in January, 1911, for the purpose of selling them. The defendant denied the allegations of the complaint in so far as they did not agree with the facts set forth by him and further alleged as new matter of defense that the loan made to Suro had expired in May, 1911, and that according to the defendant's information and belief the other defendant, Suro, gave to the plaintiffs a promissory note for $1,300 in payment of the value of the pair of earrings, which promissory note was accepted by the plaintiffs.

The defendant Suro does not appear as having answered the complaint.

The trial having been held, at which both parties introduced evidence, the court, on May 23, 1912, rendered judgment dismissing the complaint as to the defendant Suro and sustaining the same as to the defendant Savino, ordering him to deliver to the plaintiffs the jewelry in question. The judgment made no special taxation of costs.

From that judgment the defendant Savino took the present appeal.

The findings of fact of the trial judge, Córdova Dávila, may be summarized as follows:

"About the month of May, 1911, or prior to that date, the plaintiffs delivered to Gabriel Suro a pair of diamond and emerald earrings authorizing him to sell them for $1,300.

"Being in possession of said jewelry Suro borrowed from Savino affirmed by the latter, $430, giving him as security for the payment of said sum the pair of earrings which he had received from the plaintiffs for the purpose of selling them.

"Upon being requested by the plaintiffs to return the jewelry or deliver the money, Suro did neither but only offered to give them a provisional receipt until he should have secured a document guaranteed by Joaquín Suro and Monserrat. About May 6 or 7, 1911, Suro delivered the promised document to the plaintiffs who accepted it as security or as a voucher to show that they had delivered their jewelry to the defendant. That document reads as follows: 'I owe and will pay to Adolfo García or to his order the sum of $1,300, being the value of a pair of earrings with two emeralds and sixteen diamonds which I have received from him for the purpose of selling them for the above-mentioned sum. We have mutually agreed that on to-morrow, May 8, 1911, this receipt shall be exchanged for a document guaranteed by Mr. Monserrat and Joaquín Suro, the undersigned guaranteeing this debt with all his present and future property. San Juan, P. R., May 6, 1911.'"

The conclusions of the trial judge may be summarized as. follows:

The earrings belonged to the plaintiffs and they did not relinquish the ownership thereof, either directly or through their agent, said ownership being at present still in them;

The document which Suro gave to the plaintiffs was accepted by them simply as security or as a voucher to show that they had delivered their jewelry to Suro. It did not constitute a novation of the obligation;

The loan was a personal transaction between Suro and Savino and not in the name of the real owners of the jewelry;

Suro did not acquire the possession of the jewelry unlawfully, but the plaintiffs were unlawfully deprived of their

property from the moment when Suro, acting as its owner, pawned the jewelry without authority so to do;

Through his transaction with Suro, Savino did not acquire the ownership of the jewelry; he only kept it in his possession as security for the amount of the loan;

The possession of personal property acquired in good faith is equivalent to a title thereto but not to the ownership thereof. To acquire ownership it is necessary to possess the property for the period of three years fixed by law;

The special damages claimed, not having been alleged specifically and in detail in the complaint, should not be allowed;

The defendant Suro having lost possession of the jewelry, the action to recover it does not lie against him.

The appellants claim that the court erred in giving weight to the testimony given by the plaintiffs at the trial. We have examined said testimony, as well as that previously given by the plaintiffs in the criminal action brought against Suro for embezzlement, and in our judgment the trial court did not commit the error attributed to it. The contradictions observed in the testimony given by the plaintiff García were satisfactorily explained. The plaintiff may have delivered the earrings to Suro prior to the month of May so that he might sell them; Suro might not have sold them, but returned them to their owners, who may have given them back to Suro in May to be sold to Savino.

The appellants further contend that the district court erred in not giving sufficient weight as documentary evidence to the ''promissory note'' given by Suro to García ''in payment of the value of the pair of earrings.'' In the opinion of appellants that document shows that Suro acquired the ownership of the earrings and therefore that he had the right to dispose of them freely.

Let us examine the reasons which the trial judge had for weighing the document in the manner stated by us in our

summary of his conclusions. The said judge in his opinion expresses himself as follows:

"The plaintiffs testified during the trial that the said document' had been given to them by Suro and that they accepted it as security or as a receipt to show that the earrings had been delivered to Suro. In this document Suro pretends that he had not sold the jewelry, since he says that he had taken it for the purpose of selling it for $1,300. This document, accepted by the plaintiffs as security, cannot give to Suro the right of ownership, which seems to have been his understanding when he offered to sell the jewelry for a fixed amount. One who acquires absolute title of ownership is under no obligation to sell, nor is he compelled to sell at a fixed price. The plaintiffs were always the real owners and the authority granted to Suro to sell the jewelry at a fixed price emanated from their volition, which shows clearly that both parties maintained the relationship existing between principal and agent."

In view of all the circumstances of this case we are of the opinion that the construction put upon the document by the trial judge is the just and proper one, and that, therefore, he did not commit this other error attributed to him.

The appellants finally claim that the district court erred in not recognizing the defendant Savino as the real owner of the jewelry in question because he acquired it in good faith from the person who was in legal possession thereof.

In our opinion the trial court did not commit this error attributed to it. Let us study the question involved. The law applicable hereto is contained in section 466 of the Revised Civil Code, which reads as follows:

"The possession of personal property acquired in good faith is equivalent to a title thereto. Nevertheless, any person who has lost any movable or has been illegally deprived thereof, may recover it from the person in possession of the same.

"If the possessor of a movable lost or stolen has acquired the same in good faith at a public sale, the owner cannot obtain the restitution thereof without reimbursing the price paid therefor.

"With regard to things acquired on the exchanges, or at fairs or markets, or from a lawfully established merchant habitually

occupied in dealings with objects of the kind, the provisions of the Code of Commerce shall be observed.''

The second and third paragraphs of that section have no application here. The question involved in this case is not one of a public sale, nor was the jewelry acquired at an exchange, fair, or market, or from a lawfully established merchant habitually occupied in dealings with objects of that kind. Our study, therefore, should be limited to the first paragraph.

Commenting upon article 464 of the Spanish Civil Code, which is the same as section 466 of the Revised Civil Code with the only exception that in section 466 the third paragraph of article 464 relative to objects pawned in government pawn shops was omitted, Sánchez Román says:

''Said article 348 establishes the principle that 'the owner has a right of action to recover the thing against the holder and possessor thereof' and possession of personal property, though considering its scope and the fact that it represents the title, does not mean that this possession in good faith, which after three years causes the ownership of said property to prescribe, is a bar to the exercise and success of an action to recover the property brought by the owner prior to the loss of the title by prescription, but only that said action to recover must be brought and maintained under the supposition, which in this case is purely a legal creation, that it is directed against a possessor having a just title, which is a different matter and of greater requirements in an action to recover personal property from an action brought against a possessor without title. By virtue of said provision of article 464 and its concordant section 1955, therefore, the possession of personal property only conveys the idea by operation of law of evidence of title but not the source thereof and only in this latter case could the acquisition of the ownership by the possessor be considered as having been consummated and bar the right to recover which in a general way and without distinction between movable and immovable properties, article 248 confers upon the owner as against their holder or possessor.'' 3 *Estudios de Derecho Civil* by F. Sánchez Román, 475.

Scaevola devotes more than 40 pages of his commentaries

to the study of article 464 of the Spanish Civil Code. He begins by showing that said article has no precedent in the old Spanish law and that its origin may be traced to article 2279 of the French Civil Code. Then he gives different opinions of French jurists, prominent among whom are Marcadé, who holds the view that under article 2279 the title is immediately acquired by "instantaneous prescription," and Aubri de Rau, who maintains that what one acquires is a presumption of ownership, and that after the expiration of the period fixed by law for acquiring personal property by prescription complete ownership is acquired. Scaevola says that French jurisprudence is manifestly in favor of the last theory.

In the two paragraphs which follow, the opinion of Scaevola in commenting directly upon said article 464 is condensed:

"Possession in good faith implies title to movable property, but while this good faith may be controverted and while the legality or illegality of the manner of acquiring possession may be the subject of a legal controversy, the possibility of an action to recover is plainly visible.

"Now, when does that possibility cease? The answer could not be more simple. When at the expiration of three years in case of continued possession in good faith or of six years in case of mere possession without the cooperation of any other requisite, ownership is acquired by prescription. 8 Scaevola Civil Code, 571."

Manresa also devotes several pages to commenting upon article 464. In one place he expresses himself as follows:

"Possession is equivalent to title. This is all that the law now being examined says.

"Does it mean that the title, the lawful title if you will, is equivalent to ownership? Far from it. Possession only is treated of.

"An action of ejectment is brought against the possessor of real property two years after he has been in possession. If the existence of a lawful title in good faith confers ownership upon that possessor it would be necessary to prove that only. However, he does prove it but it is of no avail unless he has been in possession ten years because

he acquired from a person who was not the owner. The situation of the possessor of movable property is the same without the necessity of proof, because by the mere fact of possession the law recognizes the lawful title as existing and proven; but if he acquired from a person who was not the owner, he is possessor and not owner and must continue in possession for three years before he acquires ownership.

"The scope of that article, in a general way, cannot be more than that, for this is all the law says. Therefore, if according to articles 1995 and 1962 the possessor in good faith of movable property must continue in possession three years before acquiring title by prescription, the owner may bring an action to recover within the same time. Possession may be obtained by instant prescription, but not ownership. The law grants the title but in so doing it does not state the manner of acquiring ownership." 4 Manresa's Commentaries on the Civil Code, 326.

In our judgment the opinions of Manresa, Scaevola and Sánchez Román, all of which concur in principle, give the true construction of the law in force in Porto Rico on the subject.

If under that construction the law is applied to the case under consideration, the conclusion necessarily follows that it is wholly in favor of the rights of the plaintiffs. They did not authorize Suro to dispose of the earrings and to pawn them in his own name. Suro received the earrings from the plaintiffs for the purpose of selling them for a fixed sum of money; therefore he had no legal authority to pawn them in the name of the plaintiffs and much less in his own name.

The answer made by the defendant Savino and the pawn ticket given to Suro, which is transcribed in the statement of the case, show that Savino was aware of the fact that the earrings belonged to the plaintiffs; nevertheless he loaned the money to Suro directly and accepted as security a document signed only by Suro in his own name and the earrings, which he knew did not belong to Suro.

But assuming that the defendant Savino acted in good faith, that the debt contracted by Suro became due and that it was not paid by anybody, Savino would then have only a

lawful title, not sufficient to allow him to appropriate the object given in pledge immediately, but at the most to retain it and take the necessary steps to dispose of it in the manner provided by law. Said lawful title would be entirely valid against the whole world if Suro had been the real owner of the earrings or had been authorized by the owners to pawn them, or if the three years provided by law to acquire personal property by prescription had expired; but as none of these circumstances attended this case, and inasmuch as the plaintiffs have brought the action to recover the property which the law expressly provides, it is necessary to conclude that Savino did not acquire the ownership of the jewelry and that, as directed by the district court, he must deliver them to their real owners, the plaintiffs herein.

The appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.